**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                            : Chapter 7
:
WINSTAR COMMUNICATIONS, INC., et al., : Case No. 01-1430
: Jointly Administered
Debtors.                                  :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHRISTINE C. SHUBERT, CHAPTER 7 :
TRUSTEE,                                       : Adversary Proceeding No. 01-1063 (JBR)
:
Plaintiff,                    :
:     **APPELLEE'S CROSS-DESIGNATION**
v.                     :   **OF ITEMS TO BE INCLUDED IN THE**
:          **RECORD ON APPEAL**
LUCENT TECHNOLOGIES INC.,        :
:
Defendant.                    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Appellee Christine C. Shubert,

Chapter 7 Trustee of Winstar Communications, Inc. and Winstar Wireless, Inc., hereby

designates the following items for inclusion in the record.  True and complete copies of the

Record items are annexed hereto as Exhibit "A".

From Shubert v. Lucent Technologies Inc., United States District Court, District of

Delaware, Civil Action No. 04-928(JJF):

| Tab | Date | District Court Docket No. | Description of Item |
|-----|------|---------------------------|---------------------|
| 2212 | 11/16/2004 | 11 | MEMORANDUM OPINION (signed by Judge Joseph J. Farnan Jr.) re: DI #12 |
| 2213 | 11/16/2004 | 12 | ORDER denying Lucent's motion to Withdraw the Reference to the Bankruptcy Court |
| 2214 | 9/8/2005 | 21 | MEMORANDUM ORDER denying [13] Motion to Certify Order for Appeal Pursuant to 28 U.S.C. 1292(b) |

Dated: Wilmington, Delaware
          January 26, 2006

                                        FOX, ROTHSCHILD LLP

                    By:     /s/ Sheldon K. Rennie (#3772)
                            Sheldon K. Rennie, Esq.
                            Citizens Bank Center
                            919 North Market Street, Suite 1300
                            Wilmington, Delaware  19899-2323
                            Telephone:  (302) 622-4202
                            Facsimile:  (302) 656-8920

                                    -and-

                            HERRICK, FEINSTEIN LLP
                            Stephen M. Rathkopf, Esq.
                            David R. King, Esq.
                            2 Park Avenue
                            New York, New York 10016
                            Telephone:  (212) 592-1400
                            Facsimile:  (212) 592-1500

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



2004 NOV 16 PM 2: 45

IN RE:                                    :
                                          : Chapter 7
WINSTAR COMMUNICATIONS, INC.,             :
et al.,                                   : Bankruptcy Case No. 01-01430
                                          :
          Debtors.                        :
                                          :
_____:_____
                                          :
CHRISTINE C. SHUBERT, CHAPTER 7           :
TRUSTEE OF WINSTAR COMMUNICATIONS,        :
INC. AND WINSTAR WIRELESS, INC.,          :
                                          : Adversary No. 01-01063
          Plaintiff,                      :
                                          : Civil Action No. 04-928 JJF
      v.                                  :
                                          :
LUCENT TECHNOLOGIES, INC.,                :
                                          :
          Defendant.                      :

O R D E R

At Wilmington, this ___16___ day of November 2004, for the

reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the Motion Of Defendant Lucent

Technologies, Inc. To Withdraw The Reference To The Bankruptcy

Court (D.I. 1) is DENIED.

UNITED STATES DISTRICT JUDGE

11/16/04

144

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 NOV 16  PM 2: 45

IN RE:                                    :
                                          : Chapter 7
WINSTAR COMMUNICATIONS, INC.,             :
et al.,                                   : Bankruptcy Case No. 01-01430
                                          :
          Debtors.                        :
                                          :
_____       :
                                          :
CHRISTINE C. SHUBERT, CHAPTER 7           :
TRUSTEE OF WINSTAR COMMUNICATIONS, :
INC. AND WINSTAR WIRELESS, INC.,          :
                                          : Adversary No. 01-01063
          Plaintiff,                      :
                                          : Civil Action No. 04-928 JJF
     v.                                   :
                                          :
LUCENT TECHNOLOGIES, INC.,                :
                                          :
          Defendant.                      :

Sheldon K. Rennie, Esquire of FOX, ROTHSCHILD LLP, Wilmington,
Delaware.
Of Counsel: Stephen M. Rathkopf, Esquire and David R. King,
Esquire of HERRICK, FEINSTEIN LLP, New York, New York; Richard G.
Smolev, Esquire of KAYE SCHOLER LLP, New York, New York.
Attorneys for Plaintiff.

Daniel J. DeFranceschi, Esquire; Rebecca L. Booth, Esquire, and
Jason M. Madron, Esquire of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware.
Of Counsel: Paul C. Saunders, Esquire and Daniel Slifkin, Esquire
of CRAVATH, SWAINE & MOORE LLP, New York, New York.
Attorneys for Defendant.

MEMORANDUM OPINION

November 16 , 2004
Wilmington, Delaware

*Farnan, District Judge.*

Presently before the Court is the Motion Of Defendant Lucent Technologies, Inc. To Withdraw The Reference To The Bankruptcy Court (D.I. 1). For the reasons discussed, Lucent's motion will be denied.

### Background

On April 18, 2001, Winstar Communications, Inc. and Winstar Wireless, Inc. (collectively, "Winstar") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Winstar concurrently commenced an Adversary Proceeding alleging that Lucent Technologies, Inc. ("Lucent") breached several of the contracts between Winstar and Lucent, allegedly forcing Winstar to file its bankruptcy petition. Lucent filed several proofs of claim, asserting claims against Winstar that include secured and unsecured claims for sums alleged due under agreements between Lucent and Winstar.

In January 2002, the Court converted the bankruptcy to Chapter 7 and the bulk of Winstar's assets were subsequently liquidated. Following the conversion, Christine C. Shubert ("the Trustee") interceded to prosecute this action as Plaintiff and filed the Second Amended Complaint (A.D.I. 69).

In the Second Amended Complaint, the Trustee demanded a "trial by jury as to all issues so triable," and added Count XI, a claim seeking to equitably subordinate Lucent's claims. Two

1

other claims remain in the case--Count VII for Breach of the
Parties' Subcontracting Arrangement and Count X for Return of
Preferential Transfer.

After the Bankruptcy Court decided the Motion of Lucent
Technologies Inc. to Dismiss Certain Claims Of The Second Amended
Complaint (A.D.I. 70), Lucent made a demand for a jury trial and
asserted four counterclaims for fraud and negligent
misrepresentation. (A.D.I. 156.) Lucent asserted these
counterclaims with regard to financial information that Winstar
allegedly provided to Lucent during due diligence that Lucent
conducted in November and December 2000.

There is currently a Motion For Summary Judgment (A.D.I.
210) filed by Lucent pending in the Bankruptcy Court.

The Bankruptcy Court has not determined whether this matter
is a core or non-core proceeding.

### Parties' Contentions

By its motion, Lucent seeks to withdraw the reference of the
Adversary Proceeding from the Bankruptcy Court. Lucent contends
that "cause" for permissive withdrawal exists for several reasons
related to its alleged right to a jury trial in the district
court.

First, Lucent contends that it is entitled to a trial by
jury based on the Trustee's demand for a jury trial, which,
pursuant to Federal Rule of Civil Procedure 38, may not be

2

revoked without Lucent's consent.

Second, Lucent contends that it did not waive its right to a jury trial before the district court as to all claims when Lucent filed its proof of claim. Lucent contends that filing a proof of claim waives only the right to a jury trial in the district court as to claims that are necessarily part of the disallowance or allowance of the proof of claim. Lucent contends that Counts VII and X and Lucent's counterclaims are not necessary elements in the allowance or disallowance of Lucent's proofs of claim. Furthermore, Lucent contends that the district court should hear the Trustee's claim for equitable subordination, not triable to a jury as of right, because it arises from the same facts, transactions, and issues raised by Counts VII and X.

Third, Lucent contends that it would be more efficient for the district court to decide the pending motion for summary judgment in this action because it reviews de novo any such ruling made by the Bankruptcy Court.

Finally, Lucent argues that, because the Court need not determine whether the remaining claims in this lawsuit are core or non-core, Local Bankruptcy Court Rule 5011-1 should be waived.

In response, the Trustee contends that Lucent waived any right to a jury trial when it filed proofs of claim against the estate. The Trustee specifically contends that by filing the claims, Lucent submitted itself to the Bankruptcy Court's

3

equitable powers and conferred jurisdiction upon the Bankruptcy
Court to consider its counterclaims as a core matter.  The
Trustee further contends that, should the Court determine the
matter is non-core and that Lucent has a right to a jury trial,
Lucent's motion should be denied because: 1) Lucent's jury demand
was defective; 2) Lucent's demand to withdraw the reference is
untimely; and 3) Lucent's motion to withdraw the reference is
procedurally defective because Lucent has failed to move before
the Bankruptcy Court for a core/non-core determination.

### Discussion

### I.  Legal Standard For Discretionary Withdrawal Of A Reference

Under 28 U.S.C. § 1334(b), district courts "have original
but not exclusive jurisdiction of all civil proceedings arising
under title 11, or arising in or related to cases under title
11."  Pursuant to 28 U.S.C. § 157(a), each district court may
refer cases under title 11 to the Bankruptcy Court for
disposition.  However, under Section 157(d), the referred
proceeding can be withdrawn from the Bankruptcy Court and
returned to the district court.  Section 157(d) provides for both
mandatory withdrawal and discretionary withdrawal.  In this case,
Lucent seeks withdrawal only under the standards for
discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d)
states: "The district court may withdraw, in whole or in part,

4

any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). This Court has acknowledged that the requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted).

The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: 1) promoting uniformity in bankruptcy administration; 2) reducing forum shopping and confusion; 3) fostering economical use of debtor/creditor resources; 4) expediting the bankruptcy process; and 5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)).

Local Rules for the United States Bankruptcy Court for the District of Delaware state that the movant for withdrawal shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core. Bankr. D. Del. R. 5011-1.

## II. Lucent's Right To A Jury Trial

The sole reason for "cause" for permissive withdrawal that Lucent cites in its briefs is Lucent's right to a jury trial on Counts VII and X of the Trustee's Second Amended Complaint and on Lucent's counterclaims for fraud and negligent misrepresentation. The parties do not dispute that these issues may, by right, be triable by a jury.

### A. Count X, Preferential Payment Claim

Count X seeks to recover $194 million paid by Winstar to Lucent in December 2000. The Court finds that Lucent may have been entitled to a jury trial on the issue of preferential payment had it presented no claim in the bankruptcy proceeding and awaited a federal action by the Trustee. See Schoenthal v. Irving Trust Co., 287 U.S. 92, 94-95 (1932). However, a creditor who submits a proof of claim against a bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim. Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1250 (3d Cir. 1994) (citing Langenkamp v. Culp, 498 U.S. 42, 45 (1990)).

The Court finds that, in view of the holdings in Billing and Langenkamp, Lucent's filing proofs of claim triggered the process of allowance and disallowance of those claims, thereby subjecting Lucent to the equity power of the Bankruptcy Court. Thus, the Court finds that the Trustee's subsequent preference action is

6

now part of the claims allowance process, and is triable only in equity. Id. For these reasons, the Court concludes that there is no right to a jury trial on the issue of the alleged preferential transfer.

Lucent contends that Langenkamp is inapplicable in these circumstances because the Trustee made a jury demand and, pursuant to Federal Rule of Civil Procedure 38, cannot withdraw that jury demand without Lucent's consent. Rule 38(d), which states that a jury demand "may not be withdrawn without the consent of the parties," ensures that one party may rely on another's jury demand. Fed. R. Civ. P. 38. However, the Court finds that because Lucent waived its right to a jury trial as to the alleged preferential transfer, its consent to the Trustee's withdrawal of her jury trial demand is not required. See Moore, Federal Practice 3d § 38.50[10][d].

B.    Count VII. Subcontract Claim

In Count VII, the Trustee alleges that Lucent breached the subcontract between Lucent and Winstar Wireless, Inc. and/or breached a legally-binding course of conduct between Lucent and Winstar. Lucent contends that whether it is found to have breached an alleged obligation to lend additional money to Winstar has no bearing on Lucent's ability to recover on its proofs of claim. The Court is not persuaded by Lucent's argument that the determination of its proofs of claim does not depend on

7

the outcome of the Trustee's Subcontract Claim. The Court finds
that the Trustee's Subcontract Claim may affect the ordering of
creditors or the equitable distribution of the res of the estate
and, thus, is now part of the claims allowance process, triable
only in equity. For this reason, the Court concludes that there
is no right to a jury trial on the issue of the Subcontract
Claim.

    C.   Lucent's Counterclaims

Similarly, the Court is not persuaded that Lucent's Fraud
and Negligent Misrepresentation Counterclaims will not affect the
allowance or disallowance of Lucent's proofs of claim. The Court
finds that Lucent's Fraud and Negligent Misrepresentation
Counterclaims involve a decision regarding the distribution of
the bankruptcy estate and, thus, are now part of the claims
allowance process, triable only in equity. For this reason, the
Court concludes that there is no right to a jury trial on the
issue of the Fraud and Negligent Misrepresentation Counterclaims.

III. In Re Pruitt Factors For Cause

Although Lucent has not addressed the standards for "cause"
for a permissive withdrawal of a reference set forth in In re
Pruitt, 910 F.2d at 1168, the Court does not find that the
factors as a whole support the Court's withdrawing the reference
to the Bankruptcy Court for several reasons.

First, the Court finds that the timing of the request for

8

withdrawal supports the proceeding remaining in Bankruptcy Court.
The Adversary Proceeding has already been in Bankruptcy Court for
over two years, and the Bankruptcy Court has overseen extensive
discovery and pretrial matters, and has decided a motion to
dismiss filed by Lucent.

Next, the Court finds that considerations of uniformity in
bankruptcy administration support the proceeding being heard in
the Bankruptcy Court.  The preferential payment and equitable
subordination claims are purely bankruptcy-related in nature and
the resolution of these claims will affect the distribution to
creditors within the proceeding.

Finally, the Court finds that maintaining the proceeding in
Bankruptcy Court will diminish the risk of forum shopping and
will lessen confusion by fostering consistent administration of
the estate.

For these reasons, the Court concludes that the _Pruitt_
factors do not support withdrawing the reference from the
Bankruptcy Court.

## IV. Local Bankruptcy Rule 5011-1

The record does not show that Lucent has filed a motion for
determination by the Bankruptcy Court as to whether the matter or
proceeding is core or non-core.  Thus, the Court finds that
Lucent did not follow Local Bankruptcy Court Rule 5011-1.  For
this additional reason, the Court will maintain the proceeding

9

before the Bankruptcy Court.

### Conclusion

In sum, the Court concludes that discretionary withdrawal of the instant adversary proceeding is not warranted because: 1) Lucent has waived its right to a jury trial with regard to the claims at issue; 2) the factors set forth in In re Pruitt do not support a finding of cause; and 3) Lucent has not followed Local Bankruptcy Rule 5011-1. Accordingly, the Court will deny the Motion Of Defendant Lucent Technologies, Inc. To Withdraw The Reference To The Bankruptcy Court (D.I. 1).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTINE C. SHUBERT, Chapter 7    :
Trustee of Winstar Communications,:
Inc. and Winstar Wireless, Inc.,   :
                                    :
        Plaintiff,                  :
                                    : Civil Action No. 04-928 JJF
    v.                              :
                                    :
LUCENT TECHNOLOGIES, INC.,          :
                                    :
        Defendant.                  :

### MEMORANDUM ORDER

Pending before the Court is the Motion To Certify Order For Appeal Pursuant To 28 U.S.C. § 1292(b) (D.I. 13) filed by Defendant Lucent Technologies, Inc. ("Lucent"). For the reasons set forth below, the motion will be denied.

### I. BACKGROUND

On April 18, 2001, Winstar Communications, Inc. and Winstar Wireless, Inc. (collectively, "Winstar") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Winstar concurrently commenced an Adversary Proceeding alleging that Lucent Technologies, Inc. ("Lucent") breached several of the contracts between Winstar and Lucent, allegedly forcing Winstar to file its bankruptcy petition. Lucent filed several proofs of claim, asserting claims against Winstar that include secured and unsecured claims for sums allegedly due under agreements between Lucent and Winstar.

In January 2002, the Bankruptcy Court converted the Winstar bankruptcy proceeding from a Chapter 11 case to a Chapter 7 case,

and the bulk of Winstar's assets were subsequently liquidated. Following the conversion, Christine C. Shubert ("the Trustee") interceded to prosecute this action as Plaintiff and filed the Second Amended Complaint (A.D.I. 69).

In the Second Amended Complaint, the Trustee demanded a "trial by jury as to all issues so triable," and added Count XI, a claim seeking to equitably subordinate Lucent's claims. Two other claims remain in the case, Count VII for Breach of the Parties' Subcontracting Arrangement and Count X for Return of Preferential Transfer.

After the Bankruptcy Court decided the Motion of Lucent Technologies Inc. to Dismiss Certain Claims Of The Second Amended Complaint (A.D.I. 70), Lucent made a demand for a jury trial and asserted four counterclaims for fraud and negligent misrepresentation. (A.D.I. 156.) Lucent asserted these counterclaims with regard to financial information that Winstar allegedly provided to Lucent during due diligence that Lucent conducted in November and December 2000.

On November 16, 2004, the Court entered an Order (D.I. 12) denying Lucent's Motion To Withdraw The Reference To The Bankruptcy Court (D.I. 1). The Court concluded that discretionary withdrawal of the adversary proceeding was not warranted because (1) Lucent waived its right to a jury trial with regard to the claims at issue; (2) the factors set forth in

2

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990), did not support a finding of cause; and (3) Lucent had not followed Local Bankruptcy Rule 5011-1.  In concluding that Lucent waived its right to a jury trial, the Court found that (1) Lucent waived its right to a jury by filing proofs of claim, and (2) Lucent was not entitled to rely on the Trustee's jury demand after having waived its right to a jury.

On December 15, 2004, Judge Rosenthal denied Lucent's Motion For Summary Judgment On Counts VII, X, and XI of the Second Amended Complaint And For Partial Summary Judgment On Lucent's Affirmative Defense Of New Value (A.D.I. 210) in the Bankruptcy Court.  The Bankruptcy Court has not determined whether this matter is a core or non-core proceeding.

## II.  Legal Standard

Under 28 U.S.C. § 1292(b), leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) a substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation.  The party seeking leave to file an interlocutory appeal must establish that exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.  First Am. Bank of New York v. Century Glove, Inc., 64 B.R. 958, 961-62 (D. Del. 1986) (citing

3

<u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978)).

## III. Discussion

By its Motion, Lucent contends that the Court's November 16 Order should be certified for appeal, because the Court's denial of Lucent's motion to withdraw the reference was based on the Court's conclusion that Lucent waived its right to a jury trial. Lucent contends that the Court's denial of its right to a jury trial would plainly constitute reversible error on appeal, if the Third Circuit determines that the Court erroneously adjudicated the waiver issue. Lucent contends that certification of the Order should be permitted to avoid infringing on Lucent's right to a jury trial.

If a question is such that an erroneous determination of it would require reversal on final appeal, it is a "controlling" question of law. <u>See Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 755 (3d Cir. 1974). If a case is tried in a court with no jurisdiction, "certain reversal of the judgment on jurisdictional grounds" is sure to follow. <u>Id.</u> However, Section 1292(b) is not designed for review of factual matters. <u>Link v. Mercedes-Benz of North America, Inc.</u>, 550 F.2d 860, 863 (3d Cir. 1976).

Reviewing the issues presented by Lucent in light of the standard for granting leave to file a motion for interlocutory appeal, the Court concludes that Lucent has not presented controlling and purely legal questions justifying interlocutory

4

review.  While the question of whether the Court properly read Federal Rule of Civil Procedure 38(d) to permit an exception to the consent requirement for withdrawal of a jury trial demand when a party has previously waived its right to a jury trial presents a legal question, that legal question is first premised on the mixed factual and legal question concerning whether a party has waived its right to a jury trial.  Lucent contends that the waiver issue presents a purely legal question, because the Court erred in failing to apply the legal analysis referenced in Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d Cir. 1994).  Specifically, Lucent contends that the Court was required to conduct a detailed comparison between the adversary proceeding and the proofs of claim when determining whether those claims should be tried in equity.

It is evident from the Court's November 16 decision that the Court considered the Third Circuit's decision in Billing.  Thus, the Court is not persuaded that Lucent's argument is directed to the purely legal question of the applicable standard to be applied to waiver questions.  Rather, in the Court's view, Lucent's argument goes more to the *manner* in which the Court applied the Billing decision to the facts of this case, a mixed question of law and fact.  Because factual questions permeate the waiver issue, the Court concludes that the issues raised by Lucent are not suitable for interlocutory appeal.

5

In addition, even if the questions presented can be considered controlling legal questions, the Court concludes that Lucent has not demonstrated that a substantial ground for difference of opinion exists with regard to the determinations made by the Court and subject to the request for interlocutory appeal.  The Court's decision in its November 16 Order is consistent with the decisions of other courts who have also considered the issue of waiver as it relates to the consent provision of Rule 38(d).  See, e.g., In re Roman Catholic Archbishop of Portland in Oregon, 2005 WL 196477, *3 (D. Or. January 28, 2005) (citing In re Carrington Gardens Assocs., 248 B.R. 752, 767 (Bankr. E.D. Va. 2000)); Glaxo Wellcome, Inc. v. Genpharm, Inc., 1997 WL 381939, *1 (S.D.N.Y. July 9, 1997); Rosen v. Dick, 639 F.2d 82 (2d. Cir. 1980).  Accordingly, the Court concludes that Lucent has not demonstrated that certification to appeal the Court's November 16 Order is warranted.

## IV.    CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED, this $\underline{8}$ day of September 2005, that the Motion To Certify Order For Appeal Pursuant To 28 U.S.C. § 1292(b) (D.I. 13) filed by Defendant Lucent Technologies, Inc. is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

7