**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IN RE:  Winstar Communications, Inc., et al.
_____

| | |
|---|---|
| Lucent Technologies Inc.,            : | |
|                                                            : | |
|             Appellant,                        : | |
|                                                            : | Civil Action No.:  06-147 |
|             v.                                        : | |
|                                                            : | |
| Christine C. Shubert, Chapter 7 Trustee,  : | |
|                                                            : | Bankruptcy Case No.:  01-1430 |
|             Appellee.                          : | |

**MEMORANDUM OF LAW OF APPELLEE CHAPTER 7 TRUSTEE
IN SUPPORT OF MOTION TO STRIKE ITEMS FROM LUCENT
TECHNOLOGIES INC.'S DESIGNATION OF RECORD ON
APPEAL AND STATEMENT OF ISSUES ON APPEAL**

Of Counsel:

Sheldon K. Rennie, Esquire
(DE Bar No. 3772)

On the Brief:

Stephen M. Rathkopf, Esquire
David R. King, Esquire

FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300
Wilmington, DE 19899-2323
Telephone:  (302) 654-7444

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York  10016-9301
Telephone:  (212) 592-1400
Facsimile:  (212) 592-1500

*Attorneys for Plaintiff Christine C.
Shubert, Chapter 7 Trustee*

WM1A 74991v1 03/09/06

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................................i

TABLE OF AUTHORITIES ............................................................................................................ii

PRELIMINARY STATEMENT.......................................................................................................1

STATEMENT OF FACTS/PROCEDURAL HISTORY ..............................................................2

ARGUMENT .......................................................................................................................................3

I.     Lucent Cannot Appeal To The District Court The District Court's Own Rulings .............3

II.    This Court Should Strike Items Designated For The Record That Were Not In Evidence Or Otherwise Considered By The Bankruptcy Court .........................................5

CONCLUSION ................................................................................................................................ 10

WM1A 74991v1 03/09/06

# **TABLE OF AUTHORITIES**

**Cases**

Brewer v. N.Y. St. Dep't of Corr. Servs. (In re Value-Added Commc'ns Inc.), 224 B.R. 354  (N.D. Tex. 1998) ................................................................................................................ 8

City of New Brunswick v. Borough of Milltown, 686 F.2d 120 (3d Cir. 1982) ........................... 8

Cole v. Altieri, 534 F. Supp. 165 (E.D. Pa. 1981) ........................................................................ 4

In re Aughenbaugh, 125 F. 3d 887 (3d Cir. 1942) .................................................................... 6, 7

In re Neshaminy Office Bldg. Assocs., 62 B.R. 798 (E.D. Pa. 1986) ........................................... 7

Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992) ................ 8

Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.), 100 B.R. 152 (Bankr. D. Conn. 1989) ................................................................................................................ 7

Nantucket Investors II v. California Federal Bank (In re Indian Palms Assoc., Ltd.), 61 F. 3d 197 (3d Cir. 1995) ............................................................................................... 6, 7, 8, 9

NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't. Stores, Inc.), 320 B.R. 518 (Bankr. S.D.N.Y. 2005) ................................................................................................................ 7

Sandusky Plastics, Inc. v. Clear Shield Nat'l, Inc. (In re Envirodyne Indus., Inc.), 214 B.R. 338 (N.D. Ill. 1997) ................................................................................................................ 7

WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.), 142 B.R. 534 (Bankr. N.D. Ga. 1992) ................................................................................................................ 8

Werner v. Werner, 267 F.3d 288 (3d Cir. 2001) ........................................................................... 8

**Statutes**

28 U.S.C. § 158(a) ........................................................................................................................ 5

**Rules**

Fed. R. Bankr. P. 8001(a) ............................................................................................................. 5

Fed. R. Bankr. P. 8013 .................................................................................................................. 5

Fed. R. Civ. Proc. 59 ..................................................................................................................... 4

HF 3195433v.1 #06723/0001 03/08/2006
WM1A 74991v1 03/09/06

Christine C. Shubert (the "Trustee"), Chapter 7 Trustee for the estates of Winstar Communications, Inc., and Winstar Wireless, Inc., respectfully submits this memorandum of law in support of her motion for an order striking certain items listed on the Statement of Issues on Appeal (the "Issues Designation") of Lucent Technologies Inc. ( Lucent ) (Docket No. 2), filed on January 19, 2006, and Lucent s Amended Designation of Items to Be Included in the Record on Appeal (the "Record Designation") (Docket No. 6) filed on March 1, 2006.[1]

## PRELIMINARY STATEMENT

Lucent's Issues Designation includes three issues that were never presented to nor decided by the Bankruptcy Court, but instead were decided by the District Court on Lucent's motion to withdraw the reference (Case No. 04-928 (JJF), Docket Nos. 11 and 12) and again on Lucent's motion to certify for appeal the order denying Lucent's motion to withdraw the reference ("Certification Motion"). (See Case No. 04-928 (JJF), Docket No. 21).  These are not Bankruptcy Court rulings, and therefore should not have been included in Lucent's Issues Designation.  These issues can only be considered on appeal to the Third Circuit, but despite the Trustee's offer to stipulate that the issues will be preserved for appeal by Lucent to the Third Circuit, Lucent has rejected the offer to stipulate and insisted on leaving the issues among those to be determined by the District Court on the instant appeal.

Lucent's Record Designation is similarly defective, because it includes hundreds of filings from the bankruptcy docket that were never placed in evidence during the trial of the adversary proceeding, never mentioned or referred to by either party at trial, and not considered by the court below in rendering the judgment that Lucent now appeals. Lucent s only basis for including these items in the record is that this Court might take judicial notice of them.  Lucent s

---

[1] "Docket No." refers to the docket for this appeal, 06cv147, unless otherwise indicated. References to the "Adv. Proc. Docket No." refer to the adversary proceeding in the Bankruptcy Court below, 01adv1063.

inclusion of the items in the record *en masse* -- without any explanation as to why the limited doctrine of judicial notice allows for their inclusion -- is blatantly improper.

The Trustee previously moved for the above-requested relief before the Bankruptcy Court. By Order dated February 15, 2006, the Bankruptcy Court granted the motion in part and denied the motion in part without prejudice, instructing the Trustee to raise with this Court the matters which are the subject of the instant motion if the Trustee wished them resolved.

**STATEMENT OF FACTS/PROCEDURAL HISTORY**

This is an appeal by Lucent of a judgment entered by the United States Bankruptcy Court for the District of Delaware dated December 28, 2005, awarding the Trustee judgment in the approximate amount of $278 million dollars, along with other relief, including but not limited to equitable subordination of Lucent's claims asserted against the bankruptcy estate. (See Adv. Proc. Docket No. 373). The judgment was awarded after more than two years of discovery and a trial of 21 days spanning a three month period. The Bankruptcy Court rendered an 88-page memorandum decision (the "Decision") and expressly stated what it considered in reaching its decision: the testimony (both live and by previously completed -- and for the most part videotaped -- deposition) of 39 witnesses, over 1400 documentary exhibits admitted in evidence, and the "various pre- and post-trial pleadings of the parties submitted in support of each party's position." (See Adv. Proc. Docket No. 369 at 2-3). Judgment was awarded on the Trustee's claims for (i) return of a preferential payment made by Winstar Communications to Lucent (Count X of the Second Amended Complaint); (ii) equitable subordination of Lucent's claims against the bankrupt estate (Count XI of the Second Amended Complaint); and (iii) breach of a subcontract between Lucent and Winstar Wireless (Count VII of the Second Amended Complaint).[2] (See Adv. Proc. Docket No. 373).

---

[2] The Court also denied relief to Lucent on all of its Counterclaims. (Id. at ¶ 171).

Following the entry of judgment, Lucent filed a Notice of Appeal on January 9, 2006. (See Adv. Proc. Docket No. 377). On January 19, 2006, Lucent filed its Record Designation and Issues Designation (See Adv. Proc. Docket Nos. 379, 380). The Trustee advised Lucent that it objected to both designations, and ultimately filed a motion to strike the designations before the Bankruptcy Court on January 26, 2006. On February 15, 2006, the Bankruptcy Court denied the Trustee's relief to strike the bankruptcy docket items from the record "without prejudice to the parties seeking additional relief from the district court which will hear the appeal." The Bankruptcy Court similarly denied the Trustee's motion to strike issues, noting that the determination "should also be left to the district court." [3] This appeal was docketed with this Court on March 6, 2006. (See Docket No. 1).

## ARGUMENT

I. **Lucent Cannot Appeal To The District Court The District Court's Own Rulings**

Lucent's Issues Designation lists fifteen issues. The Trustee objects to the designation of Issues 13, 14 and 15, because those issues concern rulings made by the District Court on Lucent's motion to withdraw the reference, and, again, in the District Court's denial of Lucent's Certification Motion.[4] Specifically, Lucent seeks to appeal to the District Court the District Court's own prior rulings that (i) the Trustee properly withdrew her jury demand; (ii) the reference to the bankruptcy court should not be withdrawn; and (iii) that Lucent is not entitled to a jury trial. Lucent has never sought reconsideration or reargument of these decisions, and the time to do so has long since passed. See Fed. R. Civ. Proc. 59; Cole v. Altieri, 534 F. Supp. 165,

---

[3] The Trustee also sought to strike from Lucent's Record Designation a number of exhibits that were never admitted at trial. The Court granted the Trustee the requested relief, and the parties subsequently entered into a stipulation which included agreement on which of the trial exhibits were properly a part of the record, and resulted in the filing of Lucent's March 1, 2006 Amended Record Designation.

[4] Lucent did not designate the District Court's decisions that it is attempting to appeal. The Trustee did so in her January 26, 2006 Cross-Designation of the Record. (See Docket No. 5, Record Tabs 2212, 2213, and 2214).

3

168 (E.D. Pa. 1981) (failure to comply with Rule 59(e) filing deadline compels denial of motion). Accordingly, these issues can only be appealed to the Third Circuit.

On the motion to strike below, Lucent stated in its opposition that it included these issues to preserve them for "further" appeal. In her reply brief on the motion, the Trustee offered to stipulate that the issues were preserved for appeal to the Third Circuit, if Lucent would agree not to argue them to the District Court:

> "[W]e hereby stipulate that we have no objection to the Court of Appeals for the Third Circuit considering such issues, and that we will not argue such issues were not properly preserved for appeal to that court if they are withdrawn from the Issues Designation."

(See Adv. Proc. Docket No. 394 at p. 6). Its bluff called, Lucent's counsel then advised in a telephone call with Trustee's counsel that it could not accept the stipulation, and that it would "probably" not reargue the issues if District Court Judge Joseph Farnan (who entered the previous rulings) was appointed to hear this appeal, but would consider raising the issues in this Court if a different District Court judge was assigned to this appeal, depending, among other things, on whether the "law of the case" doctrine might be applicable. (See accompanying Declaration of David R. King at ¶ 8). Despite Lucent's prior rejection, our offer to stipulate that the issues are preserved for review to the Third Circuit remains open.

On the merits, Lucent's issues are not cognizable in an appeal to this Court. Lucent cannot, and does not, dispute that these issues were decided by this very Court. Its earlier motion requesting certification of these issues for an appeal to the Third Circuit speaks for itself. But even if Lucent had not previously tacitly conceded that these issues had to be appealed to the Third Circuit, Lucent would still not be entitled to include the issues in the instant appeal. The procedures invoked by Lucent on this appeal cover only the appeal of decisions made by the

4

Bankruptcy Court. See Fed. R. Bankr. P. 8001(a) ("An appeal from a judgment, order, or decree *of a bankruptcy judge* to a district court or bankruptcy appellate panel … shall be taken by filing a notice of appeal …") (emphasis added); Fed. R. Bankr. P. 8013 ("On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse *a bankruptcy judge's* judgment, order or decree or remand with instructions for further proceedings. …") (emphasis added); 28 U.S.C. § 158(a) ("The district courts shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees; … (3) with leave of court, from other interlocutory orders and decrees … *of bankruptcy judges* entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. …") (emphasis added). Explicit in each of these provisions is that the order, judgment or decree being appealed from has been entered by a <u>bankruptcy judge</u>. Since issues 13, 14, and 15 were decided by the District Court rather than the Bankruptcy Court, those issues should be stricken from the Issues Designation.

## II.  This Court Should Strike Items Designated For The Record That Were Not In Evidence Or Otherwise Considered By The Bankruptcy Court

The Record Designation submitted by Lucent includes hundreds of documents that were filed with the Bankruptcy Court in the jointly-administered bankruptcy proceedings of all of the various Winstar entities but which were never placed in evidence at the trial of the adversary proceeding, brought to the attention of the trial court, or referred to in the Decision.[5] Permitting such items to be included in the designation of the record on this appeal would result in an inappropriate appellate record that bears little relation to the trial record upon which the

---

[5] The bankruptcy docket includes over 4,600 entries, the vast majority of which (including the entries designated by Lucent) have no bearing on this matter. Where the Trustee believed bankruptcy docket entries were relevant to the adversary proceeding, she placed those entries in evidence during the trial. (See PX-340; PX-341; PX-342; PX-343; PX-505; PX-506; PX-507; and PX-508). As demonstrated in this memorandum, Lucent was required to do the same.

5

WM1A 74991v1 03/09/06

Bankruptcy Court rendered its Decision. For the Court's convenience, we attach as Exhibit A to this memorandum of law, a list of the record designations to which the Trustee objects.

The Third Circuit has made it clear that on an appeal from a decision in an adversary proceeding (as opposed to an appeal from a decision in a contested matter), the record should not include matters from the general bankruptcy docket that were not brought before the trial court unless inclusion of the proffered documents can be justified under the very limited doctrine of judicial notice. Nantucket Investors II v. California Federal Bank (In re Indian Palms Assoc., Ltd.), 61 F. 3d 197, 204 (3d Cir. 1995), citing In re Aughenbaugh, 125 F. 3d 887 (3d Cir. 1942). In In re Indian Palms, the Third Circuit affirmed the inclusion of fourteen bankruptcy docket items in the appellate record for a contested matter (but distinguished this from an adversary proceeding), where the additional documents were used "for the sole purpose of determining whether CalFed had waived an argument it sought to make in its motion for reconsideration." Id. at 205.

In reaching this result, the Third Circuit reiterated that "the facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record," and that "[a]n admission of a party previously made in the record should normally be tendered and admitted into evidence at the trial, before the Judge in a bench trial can use it to resolve the factual merits of the case." Id. (emphasis in original). The Court reaffirmed its prior holding in In re Aughenbaugh that it was improper in an adversary proceeding to consider documents from the main bankruptcy case where they were not admitted in evidence for consideration on the merits, noting that "it was incumbent on [the party] to offer [the filings] at the hearing in order that the [other party] might know that they were being ruled upon and might have an opportunity to meet them with such other evidence as might be available to it." Id., citing In re Aughenbaugh, 125 F.

2d at 889-90. In In re Aughenbaugh, the Third Circuit reversed the District Court's determination that a debtor was solvent, where the District Court and the referee below both relied upon judicial notice to consider bankruptcy schedules, an official appraisal, proofs of claim, and a return of sale -- none of which were admitted in evidence. In re Aughenbaugh, 125 F. 2d at 890.

The Third Circuit's rulings are consistent with the well-settled rule that the record on appeal in a bankruptcy case should include only the documents or evidence that the Court considered in the proceedings that led to the order or judgment being appealed: "[t]he record should contain all documents necessary to afford a full understanding of the case … [i]tems not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (E.D. Pa. 1986) (citations and internal quotation marks omitted). Other courts have similarly stated this principle: "the record on appeal should contain all items considered by the bankruptcy court in reaching a decision.... Conversely, if an item was not considered by the court, it should be stricken from the record on appeal. Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.), 100 B.R. 152, 154 (Bankr. D. Conn. 1989). See also, NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't. Stores, Inc.), 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005); Sandusky Plastics, Inc. v. Clear Shield Nat'l, Inc. (In re Envirodyne Indus., Inc.), 214 B.R. 338, 344-45 (N.D. Ill. 1997); WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.), 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992); Brewer v. N.Y. St. Dep't of Corr. Servs. (In re Value-Added Commc'ns Inc.), 224 B.R. 354, 357 (N.D. Tex. 1998).

The documents listed on Exhibit A to this memorandum were not considered by the Bankruptcy Court in rendering the Decision (see Adv. Proc. Docket No. 369 at 2-3), and Lucent

WM1A 74991v1 03/09/06

does not so contend.  Although the Third Circuit in In re Indian Palms left open the possibility that a district court on an appeal from an adversary proceeding might consider general bankruptcy docket materials under the doctrine of judicial notice even if they were not considered by the trial court in the adversary proceeding, it also noted the severe restrictions on the use of that doctrine on an appeal.  In re Indian Palms, 61 F. 3d at 205.

     First and foremost, documents considered by an appellate court for the first time under the doctrine of judicial notice cannot be used as a substitute for trial evidence; the documents are not competent evidence of the facts stated therein and cannot be used to determine disputed facts relating to the merits of the case.  Id.; City of New Brunswick v. Borough of Milltown, 686 F.2d 120, 131 at fn. 15 (3d Cir. 1982) ("The doctrines of "legislative facts" and "judicial notice" are not talismans by which gaps in a litigant's evidentiary presentation before the [trial] court may be repaired on appeal").  Instead, documents submitted to an appellate court for the first time under the judicial notice doctrine can be considered only for issues such as waiver, estoppel, preservation of an issue for appeal, limitations issues, and the like.  Id.; Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (refusing to take judicial notice of contents or substance of board meeting minutes in filing in other action, while noticing the existence of the minutes that were allegedly concealed from appellants during litigation); see also, Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (judicial notice of a court document may be taken only to establish that the document was filed, and not "for the truth of the matters asserted").

     Additionally, for judicial notice to apply, Federal Rule of Evidence 201 must be satisfied, including the requirement that any fact sought to be noticed must not be subject to "reasonable dispute."  Moreover, a court may not rely upon judicial notice where it is unfair to a party to do

8

so, or where doing so will "undermine the trial court's factfinding authority." <u>In re Indian Palms</u>, 61 F.3d at 205. At a minimum, the burden is on Lucent to come forward on this motion and explain why the documents it has designated in the record on this appeal which are general bankruptcy docket items never admitted in evidence or even shown to the trial court in the adversary proceeding should remain in the record. Unless it can so demonstrate, those documents should be stricken from the record.

Even assuming Lucent is asserting that the documents are properly considered under the doctrine of judicial notice, a request for judicial notice must be assessed only in the context of a request to take notice of a specific item for a specific purpose. In <u>In re Indian Palms</u>, for instance, the party requesting to supplement the record under the doctrine of judicial notice identified a small number of documents (fourteen in total) and an appropriate reason for judicial notice -- to establish that a particular argument had not been waived below. <u>Id</u>. at 204-205. Here, to the contrary, Lucent requests that this Court permit hundreds of documents to remain in the record without any indication of why that is appropriate. Even on the motion below, Lucent refused to reveal its hand; it never identified the specific items or portions of items it intends to rely upon from the general bankruptcy docket, and for what purpose they were designated.

In sum, Lucent has given this Court no basis to conclude that Lucent should be permitted to include in the record *en masse* hundreds of general bankruptcy court filings which were never admitted in evidence, shown to, or considered by the trial court in the adversary proceeding. If Lucent failed to move to admit these documents into evidence below, it cannot cure that failure by simply including the documents for the first time in the record on this appeal. If Lucent claims that the doctrine of judicial notice permits the inclusion of these documents in the record for consideration for the first time by this Court on this appeal, it is Lucent's burden to

9

demonstrate why-- and to do so for each of the objected to documents which it has included as part of its Record Designation.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that this Court grant her motion to strike issues 13, 14 and 15 from Lucent's Issue Designation, and to strike the items identified on Exhibit A to this memorandum from Lucent's Record Designation.

Dated: March 9, 2006
      Wilmington, Delaware

                               **FOX ROTHSCHILD LLP**

                               */s/ Sheldon K. Rennie (#3772)*
                               Sheldon K. Rennie, Esquire
                               919 N. Market Street, Suite 1300
                               Wilmington, DE 19801-3046
                               Telephone (302) 654-7444

                               -and-

                               Stephen M. Rathkopf, Esquire
                               David R. King, Esquire
                               HERRICK FEINSTEIN LLP
                               2 Park Avenue
                               New York, NY 10016
                               (212) 592-1400

                               *Attorneys for Christine C. Shubert, Chapter 7 Trustee*

## **EXHIBIT A**

| **Appellant's Tab** |
|---|
| 378-459 |
| 1752 to 2211 |

WM1A 74991v1 03/09/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: Winstar Communications, Inc., et al.
_____

| | |
|---|---|
| Lucent Technologies Inc., : | |
| : | |
| Appellant, : | |
| : | Civil Action No.: 06-147 |
| v. : | |
| : | |
| Christine C. Shubert, Chapter 7 Trustee, : | |
| : | Bankruptcy Case No.: 01-1430 |
| Appellee. : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of March, 2006 one (1) copy of *Memorandum in Support of Appellee Chapter 7 Trustee's Motion to Strike Items From Lucent Technologies Inc.'s Designation of Record on Appeal and Statement of Issues on Appeal* was served upon the individuals listed below in the manner specified:

*VIA HAND DELIVERY*
Daniel J. DeFranceschi, Esquire
Rebecca Booth, Esquire
Richards Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899

*VIA FEDERAL EXPRESS*
Lillian Grossbard, Esquire
Cravath Swain & Moore
825 8th Avenue, Room# 3906W
New York, NY 10019

*VIA HAND DELIVERY*
Office of the United States Trustees Office
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-2313

*VIA FEDERAL EXPRESS*
Craig Goldblatt, Esquire
Wilmer Cutler Pickering Hale & Dorr, LLP
2445 M. Street, NW
Washington, DC 20037

*U.S. MAIL*
Craig Goldblatt, Esquire
Wilmer Cutler Pickering Hale & Dorr, LLP
399 Park Avenue
New York, NY 10022

                                           */s/ Sheldon K. Rennie (#3772)*
                                                  Sheldon K. Rennie, Esquire

WM1A 73149v1 03/09/06