IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Winstar Communications, Inc., *et al.*<br><br>Debtor. | Chapter 7<br><br>Bankr. Case No. 01-01430 (KJC) |
| Lucent Technologies Inc.,<br><br>Defendant-Appellant,<br>v.<br><br>Christine C. Shubert,<br>Chapter 7 Trustee,<br><br>Plaintiff-Appellee. | Civil Action No. 06-147 (JJF)<br><br>Related Adv. Proc. No. 01-01063 (KJC) |

## LUCENT TECHNOLOGIES INC.'S OPPOSITION
## TO THE TRUSTEE'S MOTION TO STRIKE

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (DE Bar No. 2732)
Paul N. Heath (DE Bar No. 3704)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

CRAVATH, SWAINE & MOORE LLP
Paul C. Saunders
Daniel Slifkin
Michael A. Paskin
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

WILMER CUTLER PICKERING HALE
 AND DORR LLP
Craig Goldblatt
Danielle Spinelli
2445 M Street, NW
Washington, DC 20037
(202) 663-6000

- and -

Philip D. Anker
James H. Millar
399 Park Avenue
New York, NY 10022
(212) 230-8800

Dated: March 23, 2006
       Wilmington, Delaware

RLF1-2994587-1

## TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................................2

    I.    THIS COURT SHOULD NOT STRIKE LUCENT'S DESIGNATED ISSUES ON APPEAL ..........................................................................................................2

    II.    THIS COURT SHOULD NOT STRIKE ANY ITEMS THAT LUCENT DESIGNATED AS PART OF THE RECORD ON APPEAL .................................5

CONCLUSION ...................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Altman v. Altman*,
    653 F.2d 755 (3d Cir. 1981) ................................................................................................ 4

*Barakat v. Life Ins. Co. of Virginia (In re Barakat)*,
    173 B.R. 672 (Bankr. C.D. Calif. 1994), *aff'd* 99 F.3d 1520 ................................................ 4

*Berge v. Sweet (In re Berge)*,
    37 B.R. 705 (Bankr. W.D. Wis. 1983) .................................................................................. 7

*Brewer v. New York State Dep't of Corr. Servs. (In re Value-Added Commc'ns, Inc.)*,
    224 B.R. 354 (N.D. Tex. 1998) ............................................................................................. 8

*Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola*,
    988 F.2d 414 (3d Cir. 1993) .................................................................................................. 4

*Eisenberg Bros., Inc. v. Clear Shield Nat'l, Inc. (In re Envirodyne Indus., Inc.)*,
    214 B.R. 338 (N.D. Ill. 1997) ............................................................................................... 8

*General Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.)*,
    341 F.3d 738 (8th Cir. 2003) ................................................................................................ 8

*Hatzel & Buehler v. Central Hudson Gas & Elec.*,
    106 B.R. 367 (D. Del. 1989) ................................................................................................. 3

*In re Neshaminy Office Bldg. Assocs.*,
    62 B.R. 798 (E.D. Pa. 1986) ................................................................................................. 8

*John P. Maguire & Co. v. Sapir (In re Candor Diamond Corp.)*,
    30 B.R. 17 (Bankr. S.D.N.Y. 1983) ...................................................................................... 7

*Koppers Co. v. Aetna Cas. & Sur. Co.*,
    158 F.3d 170 (3d Cir. 1998) .................................................................................................. 4

*Metro N. State Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.)*,
    100 B.R. 152 (Bankr. D. Conn. 1989) .................................................................................. 9

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*,
    320 B.R. 518 (Bankr. S.D.N.Y. 2005) .................................................................................. 9

*Nantucket Investors II v. Calif. Fed. Bank (In re Indian Palms Assocs., Ltd.)*,
    61 F.3d 197 (3d. Cir. 1995) .................................................................................. 1, 5, 7, 8, 9

*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982) ................................................................................................................ 3

*Pitt News v. Pappert*,
   379 F.3d 96, 104 (3d Cir. 2004) .................................................................................4

*Saco Local Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.)*,
   13 B.R. 226 (Bankr. D. Me. 1981) ..............................................................................7

*WB, LTD. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.)*,
   142 B.R. 534 (Bankr. N.D. Ga. 1992) .........................................................................9

## STATUTES

11 U.S.C. § 157(b) ..................................................................................................................2

11 U.S.C. § 726 .......................................................................................................................3

Fed. R. Bankr. P. 8006 ............................................................................................................4

Lucent Technologies Inc. ("Lucent") hereby opposes the Appellee Chapter 7 Trustee's Motion to Strike Items from Lucent Technologies Inc.'s Designation of Record On Appeal and Statement of Issues on Appeal (the "Motion to Strike").

The Motion to Strike is an unnecessary pleading that seeks to pre-determine, absent the appropriate context, matters that are more appropriately determined at the merits stage of this appeal. Because this is an appeal from a final judgment, Lucent has listed—as it must—each of the grounds on which Lucent believes the judgment should be reversed, including a number of issues that were decided in favor of the Trustee in prior interlocutory appeals. The Trustee is of course free to argue at the merits stage that the prior determinations of those issues are controlling, either under the law of the case doctrine or otherwise. But *that* is the context in which the Trustee should advance those arguments. It is wholly improper, however, for the Trustee to take an advance bite at the apple through motions practice.

The motion to strike items from the record on appeal is equally improper. "Courts generally do not limit the record on appeal to documents filed within the specific adversary proceeding or contested matter appealed from, and have permitted the record to be supplemented with documents from other proceedings or matters arising in the same bankruptcy case when the documents are closely related to the appeal." Michael L. Cook, *Bankruptcy Litigation Manual* § 3.03[F], at 3-59 (2004). Of course, as the Third Circuit has explained, the particular *use* of a document that is included in the record on appeal may or may not be proper. *See Nantucket Investors II v. Calif. Fed. Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 204 (3d. Cir. 1995). The Trustee acknowledges as much: "[A] request for judicial notice must be assessed only in the context of a request to take notice of an item for a specific purpose." (Memorandum of Law of Appellee Chapter 7 Trustee In Support of Motion to Strike Items From Lucent Technologies Inc.'s Designation of Record on Appeal and Statement of Issues on Appeal (the

RLF1-2994587-1

"Trustee's Memorandum") at 9.) Accordingly, Lucent respectfully submits that this Court should do exactly that: decide whether or not to take judicial notice of a particular document if and when Lucent—in its merits brief—makes such a request. But there is no reason at all that these issues should be addressed in the absence of that necessary context.

In sum, the Trustee's motion in this Court, just like the identical motion filed in bankruptcy court, is wholly unnecessary and improper. Like the motion filed in bankruptcy court, the Motion to Strike should be denied, without prejudice to the Trustee's right—in connection with merits briefing—to argue (1) with respect to any appellate issue advanced by Lucent, that statements made by the Court in connection with interlocutory appeals should control, and/or (2) with respect to any documents on which Lucent seeks to rely, that such use is not the proper subject of judicial notice.

## ARGUMENT

### I. THIS COURT SHOULD NOT STRIKE LUCENT'S DESIGNATED ISSUES ON APPEAL.

The bankruptcy court entered final judgment against Lucent not only on the Trustee's preference claim, but also on a state-law claim alleging breach of a subcontract, having concluded that the prepetition contract claim was a core matter under 11 U.S.C. § 157(b). Lucent disagrees with the bankruptcy court's conclusion that this was a core matter on which the bankruptcy court had the authority to enter judgment. Indeed, Lucent contends that it is entitled to a trial by jury on this claim.[1]

To be sure, Lucent recognizes that in connection with its prior motion to withdraw the reference (as well as its motion to certify an interlocutory appeal from the denial of that motion),

---

[1] The specific issues that Lucent listed as issues on appeal, to which the Trustee objects, are: (13) Was it error to permit the Trustee to withdraw her jury demand without Lucent's consent?; (14) Was it error to refuse to withdraw the reference with respect to this adversary proceeding?; and (15) Was it error to deny Lucent a right to a jury trial on any and all counts and counterclaims?

2

RLF1-2994587-1

this Court rejected that position. "The Court finds that the Trustee's Subcontract Claim may affect the ordering of creditors or the equitable distribution of the rest of the estate and, thus, is now part of the claims allowance process, triable only in equity." (Mem. Op. at 10.)[2] And the bankruptcy court relied on that statement in finding the Subcontract Claim to be a core matter. (Opinion at 8 n.13.)[3]

Lucent, however, respectfully disagrees with that conclusion. In fact, the Subcontract Claim has no effect whatsoever on the "ordering of creditors." It affects only the amount that the Trustee will be able to distribute to creditors—not the ordering or priority of those creditors' claims, which in chapter 7 is determined simply by the Bankruptcy Code's priority scheme. *See* 11 U.S.C. § 726.[4]

As a formal matter, Lucent does not believe that this Court's prior rulings are formally preclusive of the issue in connection with this appeal. *First*, "an appellate decision of a district judge is only law of the case," and is not binding precedent on other district judges within the

---

[2]   The Memorandum Opinion, dated November 16, 2005, is attached as Ex. A to the Appellee's Cross-Designation of Items to be Included in the Record on Appeal, which is attached as Ex. E to the King Decl.

[3]   The Bankruptcy Court's Memorandum of Decision Including Findings of Fact and Conclusions of Law with Respect to Counts VII, X, and XI of the Second Amended Complaint and Counts 5 and 6 of the Second Amended Answer and Counterclaims (the "Opinion") is attached as Ex. A to King Dec 1.

[4]   The Subcontract Claim is therefore no more "part of the claims allowance process" than was the breach of contract and warranty action that Northern Pipeline Construction Co., a debtor in bankruptcy, brought against Marathon Pipe Line Co., that became the subject of the Supreme Court's decision in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). If such an action is deemed under section 157 of title 28 to be a "core matter" that is "triable only in equity" to the bankruptcy court, then section 157 would not have solved the constitutional problem identified in *Marathon* that Congress sought to remedy when it adopted that section. *See Hatzel & Buehler v. Central Hudson Gas & Electric*, 106 B.R. 367, 369 (D. Del. 1989) ("The district court enters a final order or judgment in non-core proceedings after reviewing de novo matters that are objected to by either party. 28 U.S.C. § 157(c)(1). The procedure of de novo review in non-core proceedings is intended to bring the grant of jurisdiction to the bankruptcy courts into compliance with Marathon by requiring the district court to exercise final adjudicative authority when state law created claims are at issue.")

3

district. *Barakat v. Life Ins. Co. of Virginia (In re Barakat)*, 173 B.R. 672, 679 (Bankr. C.D. Calif. 1994), *aff'd* 99 F.3d 1520. *Cf. Pitt News v. Pappert*, 379 F.3d 96, 104 (3d Cir. 2004) ("a panel may not overrule 'a holding' of another panel"). *Second*, the "law of the case" doctrine is a discretionary doctrine, a "rule of thumb" rather than "a straightjacket on the informed discretion and sound practical judgment of the judge." 18 James Wm. Moore, *Moore's Federal Practice* § 134.21[1] (1995). "[T]he law of the case doctrine is a rule that is subject to the discretion of the court applying it." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola*, 988 F.2d 414, 429 (3d Cir. 1993). As such, Lucent is certainly permitted to ask this Court to exercise its discretion to reconsider its previous rulings in connection with this appeal. And *finally*, it is well-established that under "the 'merger rule,' prior interlocutory orders merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order." *Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 173 n.2 (3d Cir. 1998). The correctness of this Court's prior ruling in refusing to withdraw the reference will therefore certainly be before the Third Circuit in connection an appeal from this Court's ultimate resolution of the present appeal. In light of the established rule in the Third Circuit (as elsewhere) that all issues not presented in district court may be deemed waived on appeal, *see, e.g., Altman v. Altman*, 653 F.2d 755, 758 (3d Cir.1981), Lucent thought it prudent to list these issues in connection with this appeal.

Counsel for Lucent explained these various considerations in a candid conversation with the Trustee's counsel (a conversation that Lucent is quite surprised and disappointed to see recounted by way of counsel's declaration), and suggested that the Trustee simply address these issues in connection with merits briefing. At the end of the day, Lucent's position on this matter remains what it was: that the issues were properly listed, per Fed. R. Bankr. P. 8006, as issues on appeal. Lucent is entitled to make its own litigation judgment about the relative priority and

4

importance to afford the various issues in its merits brief. For example, Lucent may well conclude that issues previously addressed by this Court should simply be preserved for further appeal by way of footnote, without re-arguing matters previously decided at prior stages in the case. Or it may elect to ask this Court to reconsider its prior rulings. The point is that there is no such procedure as a "motion to strike" an issue on appeal, through which an appellee can obtain an advance ruling on such a matter.

Rather, insofar as the Trustee believes that this Court's prior determinations of any of the issues presented should be controlling in this appeal, it is of course welcome to argue—in its responsive brief—about the doctrine of stare decisis, the law of the case doctrine, or anything else it chooses. For present purposes, however, the point is that the merits briefing is the appropriate context to address whether arguments that Lucent advances in its brief are or are not precluded under some such doctrine. The Trustee's attempt to resolve that matter in advance by way of this motion to strike the issues is a novel (and quite unwelcome) innovation in appellate practice. This Court should not encourage such an effort to multiply the cost associated with this litigation.

## II. THIS COURT SHOULD NOT STRIKE ANY ITEMS THAT LUCENT DESIGNATED AS PART OF THE RECORD ON APPEAL.

The Trustee's argument for her motion to strike items from the record on appeal should be denied for similar reasons. The Trustee begins this argument with the telling admission that, under Third Circuit precedent, those items may in fact have a place in the appellate record. (*See* Trustee's Memorandum at 6.) As the Trustee recognizes, parties may make reference in their respective appellate arguments to documents from the main bankruptcy case—even if the bankruptcy court did not admit or otherwise consider those documents—so long as the proffered use is proper under the doctrine of judicial notice. (*Id.* (citing *Nantucket Investors II v. Calif.*

5

*Fed. Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 204 (3d. Cir. 1995).) On these propositions, the parties agree.

The Trustee then argues—without citation to any authority—that Lucent must immediately announce how it intends to use the documents in question and justify at this stage of the appeal that its proposed use is proper under the judicial notice doctrine. (*Id.* at 9.) Consistent with her effort to pre-litigate the law-of-the-case issues by way of motion to strike, the Trustee perhaps envisions one or more rounds of "mini-merits briefing," whereby Lucent would lay out its arguments in sufficient detail to show how it intends to make proper use of the documents in question, the Trustee would respond, and this Court would decide. According to the Trustee, if Lucent does not engage in this extensive motion practice, this Court must strike the documents from the appellate record. Unsurprisingly, the case law provides no support for this.

Contrary to the Trustee's assertions, there is no need for this Court to decide at this stage whether or not it may properly take judicial notice of a given document. Not only would such efforts require unnecessary briefing and attendant delay, but also they require this Court to rule in a vacuum, without the benefit of a complete understanding of the proffered use.

None of this is necessary or appropriate. Rather, the Trustee should simply wait until the briefing on the merits to see if, and for what purpose, Lucent attempts to use any of the documents in question. If, at that time, the Trustee believes Lucent has improperly used a document, it may renew its objection, and the Court can decide the issue with the full benefit of the appropriate context.

As a leading treatise on bankruptcy litigation has observed, "[c]ourts generally do not limit the record on appeal to documents filed within the specific adversary proceeding or contested matter appealed from, and have permitted the record to be supplemented with documents from other proceedings or matters arising in the same bankruptcy case when the

documents are closely related to the appeal." Michael L. Cook, *Bankruptcy Litigation Manual* § 3.03[F], at 3-59 (2004).

The "record on appeal," after all, is nothing more than a box of documents in the clerk's office. The relevant question is not whether a particular document should be permitted to remain in that box, it is whether the party's use of the document is permissible. For that reason, courts generally have not "stricken" material that was available to the bankruptcy court in deciding a case from the record on appeal. *See Saco Local Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.)*, 13 B.R. 226 (Bankr. D. Me. 1981) (matters from the main bankruptcy case that were not considered by the bankruptcy court "were on file at the time [of the bankruptcy court's decision] and the Court, of course was aware of them. These items will be transmitted to the Clerk of the Appellate Panel as a separate package so that the Appellate Panel will have the items . . . . The Appellate Panel then may rule on the legal significance of the items."); *John P. Maguire & Co. v. Sapir (In re Candor Diamond Corp.)*, 30 B.R. 17 (Bankr. S.D.N.Y. 1983) ("Material from related proceedings may be included in the Record on Appeal."); *Berge v. Sweet (In re Berge)*, 37 B.R. 705 (Bankr. W.D. Wis. 1983) (permitting matters in main bankruptcy to be included in record on appeal in adversary proceeding).

Rather, the appropriate course is to determine whether, in context, the proposed use of the document is proper. That, in any event, is certainly the approach adopted by the Third Circuit:

> We hasten to add that the fact that a document is included in the relevant record does not mean that the bankruptcy judge, or the reviewing district court judge, is entitled to use it for any purpose. Just as with documents in the record of a civil action filed in a district court, there are principles that limit its use.

*In re Indian Palms Assocs., Ltd.*, 61 F.3d at 205.

7

Indeed, the Eighth Circuit, following the Third Circuit's *Indian Palms* authority, has made clear that these "motions to strike" should be denied. In that case, a party moved to strike documents filed in the underlying bankruptcy case that were contained in the appellee's appendix submitted to the Court of Appeals because, the same as the Trustee argues here, they "were not placed in the record of this adversary proceeding before the bankruptcy court and the BAP." *General Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.)*, 341 F.3d 738, 741 n. 1 (8th Cir. 2003). The Eighth Circuit did not believe it necessary even to address the matter, beyond stating that it would deny the motion to strike "for the reasons explained in [*Indian Palms*]." *Id.* Surely the Third Circuit's reasoning is entitled to at least equal deference here.

Finally, the Trustee cites to some decisions that she claims bolster her arguments, purportedly by standing for the proposition that "items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." (*See* Trustee's Memorandum at 7 (quoting *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986).) Those cases, however, do not support the Trustee's position. Rather, they actually either support the result that Lucent advocates here (that this Court should address the judicial notice doctrine after the parties complete briefing the merits) or are otherwise simply inapposite.

The first group of cases comprises decisions from various district courts; each district court decided whether the documents at issue should form part of the appellate record *at the same time* that the court resolved the merits of the appeal.[5] Those cases do not support the

---

[5] *See Eisenberg Bros., Inc v. Clear Shield Nat'l, Inc. (In re Envirodyne Indus., Inc.)*, 214 B.R. 338, 344-45 (N.D. Ill. 1997) (declining to take judicial notice of challenged documents contemporaneously with decision on merits of appeal); *Brewer v. New York State Dep't of Corr. Servs. (In re Value-Added Commc'ns, Inc.)*, 224 B.R. 354, 356-57 (N.D. Tex. 1998)(deciding issue of whether documents properly form part of appellate record contemporaneously with decision on merits of appeal); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 802 (*permitting* use of challenged documents under judicial notice doctrine contemporaneously with decision on merits of appeal).

8

Trustee's novel procedural approach, whereby she asks this Court to decide whether a party may properly use a document before the party has filed its merits brief and suggested that the Court rely on a particular document for a particular proposition. Rather, those cases support Lucent's practical approach—that this Court should resolve the judicial notice issues after determining how (and if) Lucent uses the challenged documents in its merits brief.

The second group of cases, those from various bankruptcy courts, is simply inapposite. In those cases, each bankruptcy court determined that, because it did not receive into evidence or otherwise consider the documents at issue in reaching its decision, it would strike those documents from the record.[6] The bankruptcy court here, however, considered and rejected that view, properly recognizing (in view of the Third Circuit's decision in *Indian* Palms) that issues of judicial notice are left to the appellate courts. Accordingly, this Court should similarly follow the *Indian Palms* precedent, resolving a particular objection to any request that the Court take judicial notice of a particular document in a concrete context, if and when the issue actually arises in the merits briefing.

## CONCLUSION

For the foregoing reasons, the Trustees' Motion to Strike should be denied.

---

[6] *See NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521-522 (Bankr. S.D.N.Y. 2005); *WB, LTD v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.)*, 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992); *Metro N. State Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989).

9

RLF1-2994587-1

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 23, 2006<br>Wilmington, Delaware | RICHARDS, LAYTON & FINGER, P.A.<br><br>/s/ Paul N. Heath<br>Daniel J. DeFranceschi (DE Bar No. 2732)<br>Paul N. Heath (DE Bar No. 3704)<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br><br>WILMER CUTLER PICKERING HALE AND<br>    DORR LLP<br>Craig Goldblatt<br>Danielle Spinelli<br>2445 M Street, NW<br>Washington, DC 20037<br>(202) 663-6000<br><br>--and--<br><br>Philip D. Anker<br>James H. Millar<br>399 Park Avenue<br>New York, NY 10022<br>(212) 230-8800<br><br>CRAVATH, SWAINE & MOORE LLP<br>Paul C. Saunders<br>Daniel Slifkin<br>Michael A. Paskin<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000<br><br>*Counsel for Appellant Lucent Technologies Inc.* |

**CERTIFICATE OF SERVICE**

I, Paul N. Heath hereby certify that on March 23, 2006 I caused copies of the foregoing **Lucent Technologies Inc.'s Opposition to the Trustee's Motion to Strike** to be served upon the following parties in the manner indicated:

**Via Hand Delivery:**

Sheldon K. Rennie
Michael G. Menkowitz
Fox, Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801-3046

**Via First Class Mail:**

Stephen M. Rathkopf
David R. King
Herrick Feinstein LLP
2 Park Avenue
New York, NY 10016-9301

Paul C. Saunders
Daniel Slifkin
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019

Philip D. Anker
James H. Millar
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022

Craig T. Goldblatt
Danielle Spinelli
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M. Street N.W.
Washington, D.C. 20037

Paul N. Heath (DE Bar No. 3704)