IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Winstar Communications, Inc., *et al.,* | ) | Bankr. Case No. 01-01430 (KJC) |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Christine C. Shubert, | ) | |
| Chapter 7 Trustee, | ) | Civil Action No. 06-147 (JJF) |
| | ) | |
|     Plaintiff-Appellee, | ) | Adv. Proc. No. 01-01063 (KJC) |
| | ) | |
|     v. | ) | |
| | ) | |
| Lucent Technologies Inc., | ) | |
| | ) | |
|     Defendant-Appellant. | ) | |

**MOTION OF THE COMMERCIAL FINANCE ASSOCIATION TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF REVERSAL ON ISSUE OF <u>"INSIDER" STATUS</u>**

        The Commercial Finance Association ("CFA"), for its Motion to File an Amicus Brief in Support of Reversal on the Issue of "Insider" Status, respectfully states as follows:

        1.    CFA is the United States trade association for financial institutions that provide asset-based financing to commercial borrowers. Among CFA's 248 members are substantially all of the major and regional banks in the United States, as well as other large and small banks and financial institutions. Financing provided by CFA members comprises a substantial portion of the United States credit market, currently exceeding $350 billion in outstanding loans. Revolving credit and other advances made by CFA members under credit agreements exceed $2 trillion per year.

2. Most of the borrowers served by CFA members depend on secured financing for working capital purposes to operate and grow their businesses. The vast majority of working capital financing provided to middle market businesses in the United States by CFA members are revolving credit or term loan facilities secured by assets, such as accounts receivable, inventory, equipment, real estate, intellectual property and investment securities.

3. Bankruptcy is the acid test of a commercial transaction and accordingly, of importance to every creditor, whether a lender or a provider of goods or services. Particularly significant to creditors is the operation of bankruptcy preference law, the unique power to avoid an otherwise lawful transfer to achieve equality of distribution.

4. Paragraphs 129 to 146 of the Order on Appeal (the "Order") determined Lucent Technologies, Inc. ("Lucent") to have been a "person in control" of the Debtor under Bankruptcy Code § 101(31)(B)(iii) and thereby an "insider" required to disgorge a preferential transfer of $180,180,000 made to it 132 days before the Debtor commenced its bankruptcy case on April 18, 2001. While Bankruptcy Code § 547(b)(4)(A) fixes the basic preference period as the 90 days preceding bankruptcy, subsection 547(b)(4)(B) enlarges the avoidance period to one year if the transferee is an insider. CFA's specific disagreement with the Order is its expanded definition of the word "control" so as to render Lucent an insider.

5. CFA submits that if the expanded definition of "insider/control person" is allowed to stand, it will directly and adversely impact the cost and availability of commercial credit throughout the United States. Lenders desire finality to their transactions. Deviations from that expectation are invariably met with increased interest rates to reflect

actual or perceived additional risks, and, in more extreme circumstances, a refusal to continue to deal with the financially distressed business. Particularly relevant to this case is that the status of insider is viewed unfavorably by creditors because it is associated with other anti-creditor litigation as "deepening insolvency," recharacterization of claims, and equitable subordination.

      6.    CFA seeks leave to participate at this level of appeal rather than awaiting Circuit Court review because of the notoriety accompanying the Order, the amount of the judgment and the time that would elapse before the "control" issue could be decided by the Court of Appeals for the Third Circuit.

      7.    CFA states that, unlike an actual litigant, it brings an industry wide perspective to the "insider/control" issue. CFA was permitted to file an amicus brief in *In re Owens Corning*, 419 F.3d 195 (3rd Cir. 2005) on the issue of substantive consolidation and was one of the prevailing parties in that appeal.

      8.    CFA is informed that Lucent's reply brief is to be filed on August 1, 2006. If the Court grants amicus standing to CFA, it recommends that its brief be filed by August 10, 2006 and that the Trustee be permitted to file a response by August 20, 2006, limited to the issues raised in CFA's amicus brief. A draft order to that effect is attached to this Motion.

      9.    Notice of this Motion has been given to all parties to this appeal.

WHEREFORE, CFA requests that it be permitted to file a brief as amicus curiae in this case on the issue of "insider" status and that the Court enter such other orders as it deems appropriate in the circumstances.

Dated: July 25, 2006

                                                                 The Commercial Finance Association

                                                                 By: _____
                                                                 One of its Attorneys

Richard M. Kohn, Esq. (ARDC #1501070)
Gerald F. Munitz, Esq. (ARDC #1990470)
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3700
Chicago, Illinois  60603
(312) 201-4000

Jonathan N. Helfat, Esq.
OTTERBOURGH, STEINDLER,
  HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Winstar Communications, Inc., *et al.*, | ) | Bankr. Case No. 01-01430 (KJC) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Christine C. Shubert, | ) | |
| Chapter 7 Trustee, | ) | Civil Action No. 06-147 (JJF) |
| | ) | |
| Plaintiff-Appellee, | ) | Adv. Proc. No. 01-01063 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| Lucent Technologies Inc., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## ORDER AUTHORIZING THE COMMERCIAL FINANCE ASSOCIATION TO FILE BRIEF AS AMICUS CURIAE

This matter coming on to be heard on the Motion of The Commercial Finance Association to file a brief as amicus curiae, notice of the filing of the Motion having been given to all parties hereto, and the Court having concluded that the requested relief should be granted,

**IT IS HEREBY ORDERED THAT:**

The Commercial Finance Association may file a Brief as Amicus Curiae In Support of Reversal on Issue of "Insider Status" by August 10, 2006.

**IT IS FURTHER ORDERED THAT:**

Plaintiff Appellee Trustee may file a reply to the Amicus Brief by August 20, 2006.

DATED: _____, 2006        ENTERED:

_____
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Winstar Communications, Inc., *et al.*, | ) | Bankr. Case No. 01-01430 (KJC) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Christine C. Shubert, | ) | |
| Chapter 7 Trustee, | ) | Civil Action No. 06-147 (JJF) |
| | ) | |
| Plaintiff-Appellee, | ) | Adv. Proc. No. 01-01063 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| Lucent Technologies Inc., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## NOTICE OF FILING

**TO:   ATTACHED SERVICE LIST**

       **PLEASE TAKE NOTICE** that on this day we caused to be filed with the Clerk of the United States District Court for the District of Delaware **MOTION OF THE COMMERCIAL FINANCE ASSOCIATION TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF REVERSAL ON ISSUE OF "INSIDER" STATUS,** a copy of which Motion and proposed order is attached hereto.

Dated: July 25, 2006

                                        The Commercial Finance Association


                                        By: _____
                                        One of its Attorneys

-2-

Richard M. Kohn, Esq. (ARDC #1501070)
Gerald F. Munitz, Esq. (ARDC #1990470)
GOLDBERG, KOHN, BELL, BLACK,
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3700
Chicago, Illinois  60603
(312) 201-4000


Jonathan N. Helfat, Esq.
OTTERBOURGH, STEINDLER,
 HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Winstar Communications, Inc., *et al.,* | ) | Bankr. Case No. 01-01430 (KJC) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Christine C. Shubert, | ) | |
| Chapter 7 Trustee, | ) | Civil Action No. 06-147 (JJF) |
| | ) | |
| Plaintiff-Appellee, | ) | Adv. Proc. No. 01-01063 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| Lucent Technologies Inc., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 24, 2006, he caused copies of the attached **MOTION OF THE COMMERCIAL FINANCE ASSOCIATION TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF REVERSAL ON ISSUE OF "INSIDER" STATUS** and proposed order to be served by U.S. Mail Delivery upon the parties listed on the attached Service List.

July 25, 2006

                                                Gerald F. Munitz

-4-

## SERVICE LIST

Sheldon K. Rennie
Fox Rothschild, LLP
Mellon Bank Center, Suite 1400
919 N. Market St.
Wilmington, DE 19801

Shephen M. Rathkopf
David R. King
Herrick, Feinstein, LLP
104 Carnegie Center
Princeton, NJ 08540

Daniel J. DeFranceschi
Rebecca L. Booth
Richards, Laylon & Finder, PA
One Rodney Square
PO Box 551
Wilmington, DE 19889

Paul C. Saunders
Daniel Shifkin
Michael A. Paskin
Cravath, Swaine & Moore, LLP
825 Eighth Avenue
New York, NY 10019